UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

LOGAN GRANT and DOREEN GRANT,

                           Plaintiffs,

    -against-                              03 Civ. 1130 (CLB)(GAY)

MATTHEW MCDONNELL, et al.

                           Defendants.

----------------------------------------------------------------------x

## **MEMORANDUM-DECISION AND ORDER**

I. Background

Plaintiffs have lodged various objections to the expert witness report submitted by defendants in this action. Plaintiffs have withdrawn their objections on the grounds of timeliness during a pretrial conference on May 20, 2005. Defendants have identified Ronald H. Traenkle as an expert witness pursuant to Fed. R. Civ. P. 26. The defendants have filed a letter brief in response to the objections of the plaintiffs.

II. Discussion

A. Timeliness of the Report

Plaintiff has advised the Court that they have withdrawn their objections to the timeliness of the expert witness report.

B. The Resisting Application of the Second Handcuff Opinion

Plaintiffs seek to have stricken from the defendants' expert report any opinion that plaintiff Logan Grant resisted the application of the handcuffs. Also, plaintiffs allege that there is no factual basis for any statement that two handcuffs were ever applied.

Defendants counter that the "resisting" opinion by expert witness Traenkle is based on sufficient evidence. Defendants agree that McDonnell was not able to place the second cuff on Logan Grant's other wrist.

The expert report quotes the following from the McDonnell deposition of May 6, 2004:

> After I just applied the handcuff and they clicked Mr. Grant through his arms up in the air and started yelling and screaming about, "Look, what they're doing to me. ...He jerked away so fast...he pulled the handcuff right out of my hands. I was just taken by surprised. [sic] He just yanked it out of my hand so fast that I stepped back. ...As soon as I put the handcuff on him he (Grant) said that's my son you want.

The Court concludes that there is a sufficient factual basis set forth in the report for expert Traenkle to conclude that Logan Grant resisted the application of the second handcuff. Accordingly, the plaintiffs' application in that regard is denied. The defendants are directed to make clear at trial during the expert testimony that McDonnell never placed a second cuff on Grant's other wrist.

    C.  <u>Contemporary Professional Literature, et al</u>.

Plaintiffs also object to the opinion in the expert report that "[c]ontemporary professional literature, practice, and training are structured so as to teach police personnel to conform to the current 'state of the law'." Defendants have agreed that the term "state of the law" is impermissible. As such, defendants are directed to delete said language from the report and are given leave to submit without delay a revised report with appropriate language. However, the Court concludes that the opinion about "contemporary professional literature" is permissible under Fed. R. Evid. 702. The Court notes that expert witness may be required to disclose the underlying data on

cross-examination. See Fed. R. Evid. 705. The issue on whether the graph attached to the report is admissible is within the sound discretion of the trial judge. Accordingly, the issue must await a ruling by the trial judge if the chart is offered and objected to at trial.

   D.  Paragraph VIII of the Expert Report

Plaintiffs also object to the opinions and conclusion set forth on page 7, paragraph VIII, A-E, of the report and requests the Court to deem that they are inadmissible. Defendants contend that such opinions and conclusion are relevant and have a factual basis.

   1. VIII A.

The report states that the record established that McDonnell believed that Logan Grant was wanted for the serious felony of rape and had already fled from law enforcement custody. The expert gives an opinion that McDonnell properly viewed Grant as an escape risk.

Fed. R. Civ. P. 702 provides in part that expert testimony may be allowed where it "will assist the trier of fact to understand the evidence or to determine a fact in issue." Expert testimony is not "admissible when it addresses 'lay matters which a jury is capable of understanding and deciding without the expert's help.'" Andres v. Metro North Commuter R. Co., 298 F.3d 156, 162 (2d Cir. 1989)(citations omitted).

The Court concludes that the "escape risk" opinion and underlying facts, if found to be relevant by the trial court, are matters that would be easily understood by a jury without the need of expert testimony. As such, the defendants are precluded from presenting expert testimony on said subject

VIII. B.

Plaintiffs object to the expert's opinion that McDonnell's decision to quickly apply handcuffs to Grant is consistent with police practice. Plaintiffs contend that said opinion is without a basis in the evidence. The Court concludes that there is sufficient facts set forth in the report to justify said opinion. Accordingly, plaintiffs' request to strike said opinion is denied.

VIII. C.

Plaintiffs object to the opinion by the expert witness that the application of handcuffs is an "open hand control measure" and describing the same. The Court concludes that there is an ample basis in the record for such testimony. The request to preclude such testimony is denied.

VIII. D.

Plaintiffs also object to the opinion and conclusion in the expert report concerning the open hand control measure contending (1) that there is no evidence that the open hand control was the measure employed by McDonnell; and (2) that the record shows that Logan Grant was cooperating. The Court concludes that there is a sufficient basis set forth in the expert report to allow such testimony. There is no dispute that one cuff was placed on Logan and handcuffing is described in the report as an open hand control measure. There are also facts in the report that contradicts that plaintiffs position that he was cooperative at all times. (See Section B above).

## CONCLUSION

The objections of the plaintiffs to the expert report of the defendants are granted in part and denied in part as set forth above.

SO ORDERED:

Dated: May 27, 2005
White Plains, New York

_____
GEORGE A. YANTHIS, U.S.M.J.